**Taufiq Moh ABASSI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70846.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2002.

Filed Sept. 23, 2002.

Paul H. Schwartz, Cooley Godward LLP, Broomfield, CO, for the petitioner.

Michael T. Dougherty and Margaret K. Taylor, Oil, Washington, DC, for the respondent.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge.

Taufiq Moh Abassi petitions for review of the Board of Immigration Appeals' ("BIA") decision, which denied both his motion to reopen to seek relief under the Convention Against Torture and his separate motion to reopen to adjust status. We grant the petition with respect to the BIA's denial of the first motion, and hold that when a *pro se* litigant refers in his motion to "recent Country Reports (from the U.S. Department of State)," the BIA is obligated, in evaluating the motion, to consider the most recent relevant country condition profile published by the United States State Department. We hold that we are without jurisdiction to review the BIA's failure to reopen sua sponte after the BIA deemed the second motion untimely.

### I.   Facts and Prior Proceedings

Abassi is a native and citizen of Afghanistan who entered the United States in 1990 as a nonimmigrant visitor on a temporary visa. On February 7, 1996, the Immigration and Naturalization Service ("INS") charged Abassi with violating Immigration and Nationality Act ("INA") § 241(a)(1)(B) by overstaying his visa. Abassi appeared before an Immigration Judge ("IJ"), conceded deportability, and applied for asylum and withholding of deportation. The IJ denied Abassi's application. The BIA affirmed the IJ's decision on August 6, 1998. Abassi did not appeal the BIA's decision.

On June 21, 1999, Abassi filed a *pro se* motion to reopen deportation proceedings pursuant to Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treat-

ment or Punishment ("Convention").[1] On February 23, 2001,[2] Abassi, again acting *pro se,* filed another motion to reopen to apply for adjustment of status based on his marriage to a United States citizen.

On April 26, 2001, the BIA denied Abassi's first motion to reopen under the Convention because he did not show prima facie eligibility for such relief. At the same time, it also denied his second motion to reopen for adjustment of status as untimely under 8 C.F.R. § 3.2(c)(2), which states that a "motion to reopen deportation or exclusion proceedings ... must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Abassi petitions for review of both denials.

## II. Discussion

■ To the extent we have jurisdiction, we review the BIA's denial of motions to reopen for an abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (agency's denial of a motion to reopen is reviewed for an abuse of discretion regardless of the underlying basis of the alien's request for relief). Because Abassi's petition for review is limited to the denial of his motions to reopen, we do not review the merits of his original application for asylum and withholding of deportation.

### A. Motion to Reopen under the Convention

■ An alien seeking to reopen proceedings for purposes of obtaining protection under the Convention Against Torture must establish a prima facie case "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. §§ 208.18(b)(2) and 208.16(c)(2)(4). The alien need not show that he would be tortured on account of a protected ground.[3] In assessing the applicant's claim, the factfinder may consider evidence including but not limited to: evidence of past torture inflicted upon the applicant; evidence of gross, flagrant or mass violations of human rights within the country of removal; and other relevant information regarding the country of removal. 8 C.F.R. § 208.16(c)(3).

In his motion, Abassi claimed that "he will be detained by government police on his return to Afghanistan and would face interrogation, torture, and possible death at their hands as this is the treatment customarily afforded deportees." Abassi did not submit any supporting evidence, but included the following statement in this motion, "I reasonably believe and re-

---

1. Under 8 C.F.R. § 208.18(b)(2), aliens whose deportation or removal orders became final before March 22, 1999, may move to reopen deportation/removal proceedings for the purpose of seeking protection under the Convention at any time during the period ending June 21, 1999.

2. Abassi originally filed the motion on July 5, 2000, but it was rejected by the BIA because Abassi failed to serve the INS. Abassi perfected the motion on February 23, 2001.

3. Under the implementing regulations for the Convention:
   Torture is defined as any act by which severe pain or suffering, whether physical or

mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.
8 C.F.R. § 208.18(a)(1).

*cent* Country Reports (from the U.S. Department of State) indicate that this may in fact be true" (emphasis added).

The BIA denied Abassi's motion with the following explanation:

> [W]e note that the respondent has not submitted any documentation to support his claim under the Convention Against Torture. Furthermore, upon review of a United States Department of State profile of asylum claims and country conditions in Afghanistan in 1994 (Exh. 4) [of Abassi's Administrative Record], we find no evidence pertaining to the government's treatment of deportees who return to that country. We thus conclude that the respondent has offered no evidence to establish a prima facie case that his deportation must be withheld.

■ Abassi contends that the BIA abused its discretion on the ground that although the BIA appears to have understood Abassi's reference to "Country Reports" to be a reference to country condition profiles ("country profiles") issued annually by the State Department, it considered only the 1994 country profile that was already in the record of Abassi's case before the IJ, which had been issued four years before Abassi filed his motion to reopen and six years before the BIA ruled on the motion. Abassi argues that the BIA should have considered more recent country profiles, such as the 1998 profile which was available at the time Abassi filed his motion. Abassi concedes that he did not attach any country profiles to his motion. The INS does not argue that the 1998 country profile was not relevant to the BIA's decision whether to reopen. Nor does it argue that the

BIA misunderstood the import of Abassi's reference to "Country Reports." [4] Rather, it argues that Abassi did not properly carry his "burden of offering evidence in support of his claim."

We believe that 8 C.F.R. § 208.16(c)(2), in placing "the burden of proof … on the applicant," does not require an alien to attach a government report that is easily available to the BIA. Indeed, at oral argument before us, the INS conceded that Abassi did not have to attach a copy of the country profile to his motion. We agree. When mere citations are sufficient for equally accessible authority such as statutes, regulations, BIA decisions, or other court opinions, we see no reason why a *pro se* movant's failure to staple a recent country profile to a motion referring to that profile should excuse the BIA from an obligation to consider it. We do not suggest that the BIA must take administrative notice of a country profile when it is not mentioned in the motion, or that the BIA must track down other documents. But we do hold that a *pro se* movant may, by means of a citation, put a country profile before the BIA for consideration.

The INS maintains, however, that Abassi's reference was not specific enough to require the BIA to consider the 1998 profile. We construe the INS's argument to be that the BIA was not required to consider a particular country profile without a citation in proper form to a specific profile or to a specific portion of that profile. We hold that Abassi, as a *pro se* movant, was not required to follow proper legal citation form in directing the BIA to a country profile published more recently than in 1994. Abassi's reference to "recent Country Reports" does not conform to citation

---

4. Country profiles are provided by the State Department for use by the Executive Office of Immigration Review and the INS in assessing asylum claims. The State Department also publishes separate "Country Reports on Human Rights Practices." A 1994 country profile was already in the record of Abassi's case and was consulted by the BIA.

rules of The Bluebook, *see The Bluebook: A Uniform System of Citation* (Columbia Law Review Ass'n et al. eds., 17th ed.2000), but we have consistently held that procedural requirements should be more liberally construed for *pro se* litigants. *See, e.g., Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988) ("[P]ro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) ("[W]e have an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."); *Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir.1984) ("This circuit has long had a rule of liberal construction of pleadings presented by *pro se* litigants....").

It is obvious that when Abassi immediately followed a proposition in his *pro se* motion with the statement, "I reasonably believe and recent Country Reports (from the U.S. Department of State) indicate that this may in fact be true," he was seeking to support that proposition with recent country profile findings. Significantly, the INS does not contend that it, or the BIA, did not understand what Abassi meant by his reference. We thus hold that Abassi sufficiently cited recent country profiles to put them before the BIA for consideration. We do not hold, however, that the BIA must sort through multiple country profiles issued over a period of years in an attempt to discover evidence supporting Abassi's claim. It need do no more than consider the most recent relevant profile at the time it makes its decision.

**B. Motion to Reopen to Adjust Status**

■ Abassi concedes that his motion to reopen to adjust status was untimely un-der 8 C.F.R. § 3.2(c)(2) because it was filed more than ninety days after the BIA's decision on August 6, 1998. He contends, however, that the BIA should have reopened his case sua sponte in light of circumstances described in his motion, which he characterizes as exceptional. The BIA's authority to reopen sua sponte is not limited in time. *See* 8 C.F.R. § 3.2(a). The INS argues that Abassi never requested the BIA to invoke its sua sponte authority under § 3.2(a), and thus did not exhaust his administrative remedies. In response, Abassi argues that his assertion of exceptional circumstances in the motion constituted an obvious request for a sua sponte reopening.

It does not matter whether Abassi sufficiently raised the issue before the agency, for we are without jurisdiction to evaluate Abassi's claim that the BIA should have reopened his case sua sponte. The "decision of the BIA whether to invoke its sua sponte authority [to reopen] is committed to its unfettered discretion." *Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002) (internal quotation marks omitted). We thus cannot review the BIA's refusal to reopen sua sponte Abassi's untimely motion to adjust status.

Conclusion

With respect to Abassi's motion to reopen under the Convention Against Torture, we hold that Abassi's reference to "recent Country Reports" was sufficient to require the BIA to consider the most recent relevant country profile, even though such a profile was not in the record compiled before the IJ. We therefore remand with instructions to the BIA to consider Abassi's motion in light of the most recent country profile. With respect to Abassi's motion to reopen for adjustment of status, we conclude that the motion was untimely and that we do not have jurisdiction to

review the BIA's refusal to reopen sua sponte.

Petition for review GRANTED and RE-MANDED in part, and DISMISSED in part.