**Princess Marian HAFFNER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71130.**

**INS No. A75–510–684.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 19, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

MEMORANDUM *

Princess Marian Haffner, a native and citizen of Sierra Leone, petitions this court for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge's (IJ's) denial of

of this circuit except as provided by Ninth Circuit Rule 36–3.

her motion to reconsider the IJ's closure of removal proceedings. As the parties are familiar with the facts, we discuss only those necessary to our analysis.

We lack jurisdiction to review the BIA's discretionary decision not to reopen the case *sua sponte*. *Abassi v. INS,* 305 F.3d 1028 (9th Cir.2002); *Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). We therefore dismiss Ms. Haffner's petition insofar as it seeks review of that exercise of the BIA's *sua sponte* discretion.

We review for abuse of discretion the BIA's dismissal of Ms. Haffner's appeal of the IJ's denial of her motion to reconsider or reopen. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc); *Padilla–Agustin v. INS,* 21 F.3d 970, 973 (9th Cir.1994). Because the BIA did not abuse its discretion in this case, we deny the remainder of Ms. Haffner's petition.

Ms. Haffner filed a timely motion to reopen on September 10, 1999 but did not file an appeal to the BIA of the denial of that motion. The subject of this petition is her subsequent motion filed with the IJ on February 4, 2000. This second motion was denominated a motion to reconsider. As such, it should have been filed within 30 days of the denial of her original motion to reopen on November 15, 1999. 8 C.F.R. § 3.23(b)(1).

The IJ, however, correctly treated the February motion as one to reopen, because it sought to provide additional facts assertedly not available earlier. 8 C.F.R. § 3.23(b)(3). As such, the motion was a second motion to reopen and therefore numerically barred. 8 C.F.R. § 3.23(b)(4)(ii). Further, Ms. Haffner's motion of February 4, 2000, considered under the provision of 8 C.F.R. § 3.23(b)(4)(ii) addressing motions to reopen orders of removal for in absentia proceedings, was also time-barred, since it was filed 182 days after the date of her order of removal, August 5, 1999, rather than within 180 days as the pertinent regulation requires.

Ms. Haffner through present counsel has not presented any claim that her prior counsel was ineffective. Absent ineffectiveness of counsel, we see no basis in the record for equitable tolling of either the numerosity or timeliness requirements. *Cf. Socop–Gonzalez,* 272 F.3d at 1193 ("the party invoking tolling [must] show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control ... and that these circumstances go beyond a 'garden variety claim of excusable neglect.'" (citation omitted)).

For the foregoing reasons, Ms. Haffner's petition is DISMISSED in part and DENIED in part.