**Lyn Tingson NIAR, Petitioner,**

v.

**John D. ASHCROFT, Attorney General, Respondent.**

No. 01–71767.

INS No. A70–670–793.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Lyn Tingson Niar, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals'

("BIA") decision dismissing her appeal from the immigration judge's ("IJ") denial of her motion to reopen proceedings after she was ordered deported *in absentia.* Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen. *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam). We deny the petition.

The BIA properly denied Niar's motion to reopen to apply for relief under Article 3 of the United Nations Convention Against Torture because her motion was untimely. *See* 8 C.F.R. § 208.18(b)(2)(i); *see also Abassi v. INS,* 305 F.3d 1028, 1030 n. 1 (9th Cir.2002).

The BIA did not abuse its discretion in denying Niar's motion to reopen due to her counsel's failure to inform her of the hearing because Nair was personally served with notice of the hearing. *See Garcia,* 222 F.3d at 1209; *see Lata v. INS,* 204 F.3d 1241, 1245–46 (9th Cir.2000) (requiring that petitioner must show that counsel's conduct caused harm).

We do not review Nair's contention that she did not understand the hearing notice due to a language barrier because she failed to raise this argument before the BIA or IJ. *See Cordon–Garcia v. INS,* 204 F.3d 985, 988 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Niar's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.