**Abbas GHASHGHAEE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–71937.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2003.

Decided July 16, 2003.

Before: SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

The Board of Immigration Appeals' ("BIA") erred in finding that Abbas Ghashghaee was ineligible for asylum because of his assistance in the persecution of others. An individual may not be granted asylum or withholding of deportation if he "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(2)(A) (1994); 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13. Respondent has not introduced evidence to indicate that Ghashghaee assisted in the persecution of others. *See* 8 C.F.R. § 208.13(c)(2)(ii). "[H]arm which may result incidentally from behavior directed at another goal, ... the defense of [a] government against an opponent, is not persecution." *Matter of Rodriguez–Majano,* 19 I. & N. Dec. 811, 815, 1988 WL 235466 (1988). Ghashghaee worked for SAVAK prior to the Iranian Revolution, but the evidence does not indicate that Ghashghaee assisted in the persecution of others within the meaning of our asylum laws.

The BIA's denial of Ghashghaee's motion to remand to consider his application under the Convention Against Torture was improper. Although the motion itself did not reiterate the evidence based on which relief was sought, the BIA had before it at the time Ghashghaee's asylum application, which contained evidence making out a prima facie case under the Torture Convention. *See Abassi v. INS,* 305 F.3d 1028, 1031–32 (9th Cir.2002).

Although the BIA denied Ghashghaee's application for asylum because of his assistance in the persecution of others, it found that he had otherwise satisfied the requirements for asylum. Because we disagree with the BIA's finding of statutory ineligibility based on persecution of others, we GRANT the petition for review and REMAND for the exercise of the Attorney General's discretion. If the Attorney General declines to grant asylum, we REMAND to the BIA to allow it to consider Ghashghaee's claim under the Convention Against Torture.

PETITION GRANTED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

