**Juana GONZALEZ, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 02–71776.

Agency No. A72–511–665.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM **

Juana Gonzalez petitions *pro se* for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision denying Gonzalez's application for asylum and withholding of deportation. We have jurisdiction over Gonzalez's petition for review under the transitional rules of section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996).[1] We deny Gonzalez's petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. IIRIRA's transitional rules govern cases which were begun before April 7, 1997 and which have final orders issued after October

## I

Gonzalez is a native and citizen of Guatemala. She contends that her common law husband, who was a member of the Guatemala military and police force, was assassinated in 1981 by guerillas. Gonzales contends that she fears returning to Guatemala because of her association with her husband. She also contends that the guerillas tried to forcibly recruit her, and when she refused to join them, they physically abused her.

## II

In addition to contesting the merits of Gonzalez's petition, the government contends that (1) we lack jurisdiction to review Gonzalez's claims because Gonzalez failed to exhaust administrative remedies and (2) we should strike Gonzalez's brief and dismiss her petition for violation of the Federal Rules of Appellate Procedure.

## A

The government asserts that Gonzalez makes arguments in her petition which were not raised in her appeal to the BIA. For example, the government contends that Gonzalez's challenges to (1) the IJ's use of State Department country condition reports, (2) the competency of her counsel and (3) the impartiality of the IJ were all arguments not made before the BIA.

"Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987). We do not consider on the merits the unexhausted issues in Gonzalez's appeal.

31, 1996. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Gonzalez was charged on

## B

The government argues that we should strike Gonzalez's brief and dismiss her petition for violation of the Federal Rules of Appellate Procedure. In particular, the government argues that Gonzalez's brief (1) fails to contain a statement of issues presented for review, as required by Fed. R.App. P. 28(a)(5); (2) fails to contain a statement of facts relevant to the issues submitted, as required by Fed. R.App. P. 28(a)(7); and (3) fails to contain citations to the parts of the record upon which Gonzalez's argument relies, as required by Fed. R.App. P. 28(a)(9)(A). *See also* 9th Cir. R. 28–2 (outlining additional requirements).

Although Gonzalez's brief fails to identify a statement of issues, is devoid of a statement of facts, and only makes two references to the record, we treat *pro se* litigants with a certain degree of leniency. *See Abassi v. INS*, 305 F.3d 1028, 1031–32 (9th Cir.2002), Rather than striking Gonzalez's brief and dismissing her petition for failure to follow Fed. R.App. P. 28 and 9th Cir. R. 28–2, we deny her petition for review on the merits of matters considered by the BIA.

## C

We review the BIA's determination that an individual is not eligible for asylum or withholding of deportation for substantial evidence. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). Reversal is appropriate only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

In order to receive asylum, an applicant must show that he or she has been persecuted in the past or has a well-founded

September 26, 1996 and the BIA's final order was entered on June 5, 2002.

fear of being persecuted in the future "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000); *Acewicz v. INS,* 984 F.2d 1056, 1061 (9th Cir.1993). Gonzalez asserts that she fears being persecuted if returned to Guatemala.[2] In order to succeed on a claim of a well-founded fear of future persecution, the claim must be supported by "credible, direct, and specific evidence." *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999).

Gonzalez argues that the IJ unfairly attacked her credibility. Neither the BIA nor the IJ, however, made an adverse credibility finding in her case. The BIA's decision specifically stated that it was "assuming that [Gonzalez] testified credibly in support of her asylum application." Rather, Gonzalez's claim failed because it was not supported by direct and specific evidence.

The BIA determined that Gonzalez did not show that any physical abuse by the guerillas was motivated by any particular political opinion they attributed to her, citing *Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000) for the rule that an alien who is mistreated for resisting guerilla recruitment efforts has not demonstrated persecution on account of political opinion in the absence of evidence suggesting that the guerillas acted with a discriminatory purpose.

The BIA also noted that the record indicates that country conditions in Guatemala have changed such that the type of politically-motivated violence feared by Gonzalez has abated. Gonzales did not present evidence suggesting that her fears remain reasonable despite the changes in Gua-

temala. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002). In addition, Gonzalez did not present evidence that she could not avoid any future persecution by relocating to a region of Guatemala where she would be safe. *See Cordon–Garcia v. INS,* 204 F.3d 985, 991 (9th Cir.2000).

The BIA properly affirmed the IJ's decision that Gonzalez is ineligible for asylum. No evidence compels a contrary conclusion.

### D

The BIA also properly affirmed the IJ's decision that Gonzalez is ineligible for withholding of deportation. Eligibility for withholding of deportation[3] under 8 U.S.C. § 1253(h) requires a showing of a "clear probability of persecution." *See INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The "clear probability of persecution" standard is a more stringent standard than the "well-founded fear" standard for asylum. *See Acewicz,* 984 F.2d at 1062. "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." *Ghaly,* 58 F.3d at 1429.

PETITION DENIED.

---

**2.** Gonzalez's petition for review only addresses the issue of future persecution, not past persecution.

**3.** IIRIRA repealed the statutory provision regarding withholding of deportation, renamed this form of relief "withholding of removal," and codified the new "withholding of removal" provision at 8 U.S.C. § 1231(b)(3).