**Mohammad ALAYED; Lubina Alayed, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70080.

Agency Nos. A70–639–560, A70–639–561.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Mohammad Alayed, Lubna M. Alayed, Malibu, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Michael J. Dougherty, Office of Immigration Litigation, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Mohammad Alayed, a native and citizen of Jordan, and his wife Lubina Alayed, a native of Israel and citizen of Jordan, petition pro se for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen to seek relief under the Convention Against Torture. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir.2002). We review the BIA's denial of a motion to reopen for abuse of discretion, *Abassi v. INS*, 305 F.3d 1028, 1030 (9th Cir.2002), and we deny the petition.

The BIA did not abuse its discretion by denying the Alayeds' motion to reopen because they did not demonstrate that "it is 'more likely than not that he or she would be tortured if removed' to [Jordan]." *Cano–Merida v. INS*, 311 F.3d 960, 966 (9th Cir.2002) (quoting *Abassi*, 305 F.3d at 1030, and 8 C.F.R. §§ 208.16(c)(2)(4) & 208.18(b)(2)).

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the Alayeds' contention on appeal that conditions in Jordan have recently deteriorated because this claim was not brought before the BIA. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987). For the same reason, we do not review the claim that the Attorney General has discretion to terminate deportation proceedings and reinstate them as removal proceedings. *See id.*

We do not review the Alayeds' remaining contentions because those contentions were rejected in their previous petition before this court. *See Al Ayed v. INS,* No. 98–70142, 201 F.3d 443, 1999 WL 851452 (9th Cir. Oct. 8, 1999) (unpublished decision).

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Brown's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.