Aklilu Ephrem **TESFAMICHAEL,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–70407.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided April 28, 2004.

Daniel M. Kowalski, Esq., Austin, TX, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., Joshua E. Braunstein, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

Petitioner Aklilu Ephrem Tesfamichael requests review of the BIA's decision denying him relief. We deny the petition.

■ Petitioner first argues that the Immigration Judge ("IJ"), whose decision the Board of Immigration Appeals ("BIA") adopted, erred in dismissing his request for asylum and withholding of removal. The IJ concluded that even if petitioner had proven a well-founded fear of persecution because of past persecution, it was reasonable for him to relocate within Ethiopia. While the ability of an alien who has suffered past persecution to relocate within his country of origin is not relevant in determining whether he is eligible for asylum, it is relevant in determining whether the IJ should exercise his discretion to grant or deny asylum to an applicant. *See Harpinder Singh v. Ilchert,* 63 F.3d 1501, 1511 (9th Cir.1995). However, this discretion "must be exercised 'within the constraints of the law.'" *Surinder Singh v.*

*Ilchert,* 69 F.3d 375, 380 (9th Cir.1995) (citing *Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir.1995)). Further, once an alien has shown past persecution, fear of future persecution is presumed. The burden then shifts to the government to show that, due to changed circumstances (including the ability of an alien to live in another part of the country free from fear of persecution), there is no "well-founded" fear of persecution. *Id.* at 379.

Here, however, the government met its burden. Petitioner himself testified that "I had problems in Asosa region with the local government, not with the national government. With [sic] the national government was the one who sent me [to the AIDS conference in the United States]. I don't believe they knew what was happening." As petitioner did not face persecution by the national government, the IJ was not precluded from finding that he could safely relocate. *Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir.1995). Further, petitioner testified that conditions were much safer in Addis Ababa. He suffered no persecution while living there, and was in fact able to obtain a medical degree from a state university. Therefore, there is substantial evidence to support the IJ's finding that it was reasonable for petitioner to relocate within Ethiopia. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070–71 (9th Cir.2003) (remanding to the BIA to consider the reasonableness of relocation).

■ To support a motion to reopen so that a petitioner may present a claim under the Convention Against Torture ("CAT"), a petitioner must make out a prima facie case that it would be more likely than not that petitioner would be tortured if he returned to his country of origin. *Abassi v. INS,* 305 F.3d 1028, 1030 (9th Cir.2002) (quoting 8 C.F.R.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§§ 208.18(b)(2) and 208.16(c)(2), (4)). We review the BIA's decision not to reopen petitioner's case for abuse of discretion. *Kamalthas v. INS,* 251 F.3d 1279, 1281 (9th Cir.2001). Given the IJ's conclusion that petitioner could relocate within the country and not face persecution, there is substantial evidence supporting the BIA's determination that the petitioner did not establish a prima facie case. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003). As a result, the BIA did not abuse its discretion in denying petitioner's motion to reopen. *See Cano–Merida v. INS,* 311 F.3d 960, 966 (9th Cir.2003).

Petition **DENIED.**