Erlinda **TAPERO CARMONA**,
Petitioner,

v.

John **ASHCROFT**, **Attorney
General**, **Respondent**.

No. 03–72149.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Nancy E. Miller, Esq., Robert L. Reeves & Associates, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Office of Immigration Litigation Civil Division, Michael J. Dougherty, Washington, DC, for Respondent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Erlinda Tapero Carmona, a native and citizen of the Phillippines, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen. The BIA denied the motion as untimely. *See* 8 C.F.R. § 1003.2(c)(2). Although she concedes that her motion to reopen was untimely, Carmona argues that the BIA violated her due process rights by failing to give individualized consideration to whether her case presented "exceptional circumstances" warranting an exercise of the BIA's discretion to *sua sponte* reopen proceedings pursuant to 8 C.F.R. § 1003.2(a).

Section 1003.2(a) gives the BIA "unfettered discretion" to deny petitioner's request to reopen her case *sua sponte. Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Carmona therefore fails to demonstrate that she has a protected liberty interest in such purely discretionary relief, an essential prerequisite to a due process claim. *See Valdez v. Rosenbaum,* 302 F.3d 1039, 1044 (9th Cir.2002) (noting that to create a protected liberty interest a statute must mandate "a particular outcome" if certain substantive predicates are satisfied) (citing *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 462–63, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)).

"[W]e are without jurisdiction to evaluate [petitioner's] claim that the BIA should have reopened [her] case *sua sponte." Abassi v. INS,* 305 F.3d 1028, 1032 (9th Cir.2002) (citing *Ekimian,* 303 F.3d at 1156–60).

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

