**Jose GARCIA–DOMINGUEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–71157.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Edward C. Durant, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Jose Garcia–Dominguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("BIA") denial of his motion to reopen and reconsider proceedings after he was ordered deported in absentia. We have jurisdiction pursuant to former 8 U.S.C. § 1105a. *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997). We review for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), and deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen and reconsider because the record establishes that notice of the February 9, 1993, hearing was properly served on Garcia–Dominguez. *See* 8 U.S.C. § 1252b (repealed 1996); *Arrieta v. INS*, 117 F.3d 429, 430–31 (9th Cir.1997) (per curiam) (notice of hearing sufficient when notice sent by certified mail to alien's last known address). Furthermore, Garcia–Dominguez concedes in his opening brief that notice of the hearing was proper and he received it.

To the extent Garcia–Dominguez raises additional claims in his petition, such as confusion due to his change of venue request or the BIA's failure to sua sponte reopen proceedings, we lack jurisdiction to review these claims. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004) (holding court lacks jurisdiction to review unexhausted claims); *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir.2002) (holding court lacks jurisdiction to review BIA's use of sua sponte authority to reopen proceedings).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.