Osfredi Vidal ORDONEZ–
VELASQUEZ,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–71674.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.**

Decided July 13, 2005.

Murray D. Hilts, Esq., Law Offices of
Murray Hilts, San Diego, CA, for Petition-
er.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Ronald E. Lefevre, Chief
Legal Officer, Office of the District Coun-
sel Department of Homeland Security, San
Francisco, CA, OIL, U.S. Department of
Justice Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge,
RAWLINSON and BYBEE, Circuit
Judges.

MEMORANDUM ***

Osfredi Vidal Ordonez–Velasquez, a na-
tive and citizen of Guatemala, petitions for
review of the Board of Immigration Ap-
peals' ("BIA") order denying his motion to

---

* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

reopen removal proceedings. We have partial jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Ordonez–Velasquez's motion to reopen as untimely because he did not file it within ninety days of the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2); *Azanor v. Ashcroft,* 364 F.3d 1013, 1021–22 (9th Cir.2004).

■ The BIA also acted within its discretion in denying the motion to reopen because Ordonez–Velasquez's failure to depart during his voluntary departure period rendered him ineligible to adjust his status. *See de Martinez,* 374 F.3d at 764 (holding that BIA did not err in denying motion to reopen that was filed after expiration of alien's voluntary departure period because alien had failed to depart). We reject Ordonez–Velasquez's contention that his pending I–140 petition excuses his failure to depart because the applicable voluntary departure statute no longer provides for consideration of exceptional circumstances. *Compare* 8 U.S.C. § 1229c(d) *with* 8 U.S.C. § 1252b(e)(A) (repealed 1996).

■ We lack jurisdiction to review the BIA's decision whether to invoke its sua sponte authority to reopen. *See Abassi v. INS,* 305 F.3d 1028, 1032 (9th Cir.2002). We also lack jurisdiction to review the BIA's affirmance of the immigration judge's denial of Ordonez–Velasquez's applications for asylum, withholding of removal and relief under the Convention Against Torture because he failed to timely file a separate petition seeking review of the BIA's October 2003 order. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**