Rosa Elena Tamayo CARRILLO; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Rosa Elena Tamayo Carrillo; et al., Petitioners,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Rosa Elena Tamayo Carrillo; et al., Petitioners,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–71200, 04–75928, 05–70192.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 14, 2006.

Leon B. Hazany, Esq., Law Offices of Asherson, Klein & Darbinian, Beverly Hills, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kelly J. Walls, Esq., Oil, Douglas E. Ginsburg, Esq., Jonathan F. Potter, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRIGHT,* BEA, and IKUTA, Circuit Judges.

MEMORANDUM **

After a removal hearing on December 6, 2001, an immigration judge denied applications for cancellation of removal submitted by petitioners Rosa Tamayo–Carrillo ("Tamayo") and Jose De Jesus Lopez Solorzano ("Solorzano"), natives and citizens of Mexico. Tamayo and Solorzano unsuccessfully sought relief from this denial from the Board of Immigration Appeals ("BIA") and now petition for review of three BIA decisions: (1) its affirmance without opinion of the immigration judge's denial of their application for cancellation of removal; (2) its denial of their motion to reopen the immigration judge's decision; and (3) its denial of their motion to reconsider its denial of their motion to reopen.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

■ 1. The petition for review of the BIA's affirmance of the immigration judge's denial of the applications for cancellation of removal raises a single claim: that Tamayo and Solorzano received ineffective assistance of counsel from their former attorney, Marti Morales–Sproule ("Sproule"), in the proceeding before the immigration judge. However, the BIA must be given an opportunity to entertain an ineffective assistance of counsel claim in a motion to reopen before this court will review it. *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). Thus, petitioners' request for direct review of the BIA's decision affirming the immigration judge's ruling must be dismissed for failure to exhaust administrative remedies.

2. In their petition for review of the BIA's denial of the motion to reopen, Tamayo and Solorzano again raise their ineffective assistance of counsel claim. We have jurisdiction over this petition for review under 8 U.S.C. § 1252(a)(2). This court reviews BIA rulings on motions to reopen for an abuse of discretion and reverses only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We review questions of law de novo, including claims of due process violations resulting from ineffective assistance of counsel. *Id.* at 791–92.

In order to succeed on an ineffective assistance of counsel claim, a petitioner "must demonstrate first that counsel failed to perform with sufficient competence, and, second, that [the petitioner] was prejudiced by counsel's performance." *Id.* at 793. To demonstrate prejudice, the alien needs to show that the counsel's performance "was so inadequate that it *may* have affected the outcome of the proceedings." *Id.* at 793–94 (emphasis in original), quoting *Ortiz v. INS*, 179 F.3d 1148,1153 (9th Cir.1999).

■ Tamayo and Solorzano have not demonstrated that Sproule's performance at the hearing before the immigration judge might have affected the outcome of those proceedings. In order to qualify for cancellation of removal, an alien must, among other things, show that removal would result in an "exceptional and extremely unusual hardship" to the alien's spouse, parent, or child, who is a citizen or permanent resident of the United States. 8 U.S.C. § 1229b(b)(1). Because Tamayo and Solorzano failed to support their motion to reopen with evidence available at the time of their hearing establishing that their removal would result in an "exceptional hardship" to their citizen child, the BIA correctly declined to conclude that Sproule was ineffective for failing to offer evidence on this issue. Therefore, the BIA did not err in denying the motion to reopen based on the claim that Sproule rendered ineffective assistance of counsel.

Nor did the BIA err in noting the inconsistency between petitioners' post-hearing statements regarding their child's serious medical condition and Tamayo's statement at the hearing that the child's health was "good."

Finally, the BIA did not abuse its discretion in not considering the son's asthma condition a new circumstance requiring the BIA to grant petitioners' motion to reopen. The motion to reopen was not premised on the "new fact" of the son's asthma; rather, the motion to reopen was based on the claim of ineffective assistance of counsel. While the BIA could reopen proceedings sua sponte to consider such changed circumstances, *see* 8 C.F.R. § 1003.2(a), this court lacks the jurisdiction to review a claim that the BIA should have exercised this discretionary power. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002); *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir.2002).

In light of the foregoing, this court affirms the decision of the BIA to deny the petitioners' motion to reopen.

■ 3. Petitioners' final claim is that the BIA abused its discretion in denying their motion to reconsider. We have jurisdiction to review the BIA's denial of petitioners' motion to reconsider for erroneous legal and factual findings pursuant to § 1252(a)(2)(D). *Mohammed,* 400 F.3d at 791. We view BIA rulings on motions to reconsider for an abuse of discretion, reversing only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Id.* Tamayo and Solorzano claim that the BIA improperly made an adverse credibility determination in the denial of their motion to reconsider. Again, the BIA did not err in noting inconsistencies in the record relating to the state of the child's health. Tamayo and Solorzano also argue that the BIA abused its discretion by applying an improper evidentiary standard and thus failing to consider all the evidence in support of their motion to reconsider. Even if this were true, no prejudice resulted, because the motion to reconsider was not supported by any evidence, existing at the time of the hearing, establishing that the petitioners' removal would result in an "exceptional hardship" to their child. Therefore, the BIA did not abuse its discretion in denying the motion to reconsider.

For the foregoing reasons, this court affirms the decision of the BIA to deny the petitioners' motion to reconsider.

DISMISSED in part and AFFIRMED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.