ed by 9th Cir. R. 36–3.

**Jose Antonio Ortiz ALQUICIRA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70440.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2008.[*]

Filed June 19, 2008.

Jose Antonio Ortiz Alquicira, Hollywood, CA, pro se.

Zenaida Pastrana, Hollywood, CA, pro se.

Luis Antonio Ortiz Pastrana, Hollywood, CA, pro se.

Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, San Francisco, CA, Office of the District Counsel Department of Homeland Security, for Respondent.

Before: REINHARDT, BERZON and M. SMITH, Circuit Judges.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen. Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

This court lacks jurisdiction to review the BIA's refusal to reopen *sua sponte. See Abassi v. INS,* 305 F.3d 1028 (9th Cir.2002); *Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Accordingly, respondent's motion to dismiss this petition for review in part for lack of jurisdiction is granted. *See id.*

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED, in part; DISMISSED in part.**