**Krasimir Iliev MIHALEV, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71897.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 27, 2009.

R.App. P. 34(a)(2).

See also, 136 Fed.Appx. 989.

Nicolette Glazer, Law Offices of Larry R. Glazer, Century City, CA, for Petitioner.

David V. Bernal, Assistant Director, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, Ana T. Zablah–Monroe, Esquire, Ernesto H. Molina, Jr., Esquire, Lindsay Elizabeth Williams, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Krasimir Iliev Mihalev, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mihalev's motion to reopen as untimely where the motion was filed over two years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Mihalev failed to present sufficient evidence of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

changed circumstances in Bulgaria to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey,* 538 F.3d 988, 996–97 (9th Cir.2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

■ We lack jurisdiction to review the BIA's *sua sponte* denial of the motion to reopen based on Mihalev's renewed challenge to the agency's adverse credibility determination. *See Abassi v. INS,* 305 F.3d 1028, 1032 (9th Cir.2002).

■ Mihalev's contention that the BIA violated his due process rights by failing to consider some or all of the evidence presented with the motion to reopen fails because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**