NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL MINASYAN; HASMIK MINASSIAN; HAKOB MINASYAN, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  15-70862 <br><br> Agency Nos.  A075-648-887 <br> A075-648-888 <br> A075-648-890 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Gabriel, Hasmik, and Hakob Minasyan, natives and citizens of Armenia,

petition for review of the Board of Immigration Appeals' ("BIA") order of

February 19, 2015, denying their motion to reopen.  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny the petition for review.

The BIA did not abuse its discretion in denying the motion, which was not supported as required by the governing regulation.  *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen . . . shall be supported by affidavits or other evidentiary material."); *see also INS v. Wang*, 450 U.S. 139, 143 (1981) (enforcing a prior regulation that required motions to reopen to be supported by affidavits or other evidentiary material).  Petitioners offer no support for their contention that the BIA should have excused them from this requirement because they filed their motion to reopen pro se.

The record does not support Petitioners' contention that the BIA abused its discretion by failing to "consider the most recent relevant country condition profile published by the United States State Department" under *Abassi v. INS*, 305 F.3d 1028, 1029 (9th Cir. 2002), because they filed their motion pro se.  That case is inapplicable for several reasons, including that Petitioners failed to identify materially changed circumstances that any such profile would demonstrate.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**