**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGQING CHEN, AKA Ying Qing Chen, | No.   18-72392 |
| Petitioner, | Agency No. A095-448-807 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2022[**]
Pasadena, California

Before:   NGUYEN and FORREST, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Yingqing Chen ("Chen") petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the decision for abuse of discretion, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), we deny the petition.

1. Chen challenges the BIA's conclusions that his motion to reopen is untimely, number-barred, and not subject to equitable tolling.

A motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). In addition, the movant is limited to one motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A). But equitable tolling is available when the petitioner establishes that his attorney provided ineffective assistance at his removal proceedings. To establish entitlement to equitable tolling, a petitioner must show that his prior counsel's ineffectiveness prevented him from timely filing his motion to reopen, he demonstrated due diligence in discovering counsel's error, and he complied with the procedural requirements of *In re Lozada*, 19 I.& N. Dec. 637 (B.I.A. 1988). *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011).

2. The BIA did not err in holding that Chen's motion to reopen was untimely; his order of removal was finalized years before he brought the instant motion to

reopen. And because Chen had filed a prior motion to reopen, the current motion was also number-barred.

The BIA did not abuse its discretion in finding that Chen failed to "show[] that he had acted with due diligence" in pursuing his due process claim based on ineffective assistance of counsel. In 2004, when the immigration judge ("IJ") found he was not credible, Chen knew that the basis for the finding was the IJ's belief that he was in Belize in May and June 2001 rather than, as he claims, in China. Chen further knew that his attorney had declined the IJ's offer to let him address this apparent inconsistency. Chen could have had the Chinese exit stamp translated at any time. And although he was able to find replacement counsel to move to reopen on other grounds in 2009, he waited more than 10 years to find counsel to contest the IJ's finding regarding his entry into Belize. "Given the exceedingly long lapse of time before seeking further legal advice . . . , the BIA appropriately concluded that [Chen] did not make 'reasonable efforts to pursue relief,' and so did not demonstrate the diligence necessary for equitable tolling." *Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016) (internal citation omitted) (quoting *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011)).

3. Chen also maintains that a change in the law regarding frivolousness findings warrants reopening. However, we previously rejected this argument, *see*

3

*Chen v. Holder*, 331 F. App'x 503, 504 (9th Cir. 2009), and under the law of the case doctrine, "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Valenzuela Gallardo v. Barr*, 968 F.3d 1053, 1062 (9th Cir. 2020) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Chen does not show that our prior decision was "clearly erroneous and its enforcement would work a manifest injustice" or that any of the other exceptions to the doctrine apply. *Id.* at n.5.

4. Finally, this court is "without jurisdiction to evaluate [a petitioner's] claim that the BIA should have reopened his case sua sponte." *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir. 2002).

**PETITION DENIED in part; DISMISSED in part.**