**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIOGENES ANUBIS GUEVARA-MEJIA; ANA LISSETH FLORES DE GUVARA; S. V. G.-F., | No.    20-73223 |
| Petitioners, | Agency Nos.    A203-604-462<br>A203-604-463<br>A203-604-464 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026<sup>**</sup>
San Francisco, California.

Before:  FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Diogenes Guevara-Mejia, a native and citizen of El Salvador, petitions on behalf of himself, his wife, and his daughter for review of a decision of the Board of Immigration Appeals. The Board dismissed Guevara's appeal from an

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial-evidence standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An argument "not discussed in the body of the opening brief" is ordinarily forfeited. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). The argument section of Guevara's brief contains only headings without supporting argument, but we have recognized that "procedural requirements should be more liberally construed for *pro se* litigants." *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir. 2002). Applying a liberal standard of construction, we discern in Guevara's statement of the facts an argument that the Board improperly denied his claims for asylum and withholding of removal.

Substantial evidence supports the Board's denial of asylum and withholding of removal. The Board correctly determined that no formulation of Guevara's proposed social groups of workers and businesspeople threatened by gangs was sufficiently particular to establish "definable boundaries" for the group. *Nguyen v.*

*Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020). Substantial evidence also supports the Board's conclusion that Guevara did not show that there is a "general social perception" within Salvadoran society of any such distinct group. *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020). Guevara's evidence of gang activity against the population at large "does not address" whether Salvadoran society perceives his proposed groups as socially distinct. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021).

Substantial evidence also supports the Board's rejection of Guevara's claim that gang members targeted him for his "'anti-gang sentiment' political opinion." No evidence in the record suggests that the gang tried to extort money from Guevara because of his anti-gang stance. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023).

Because evidence of a nexus between Guevara's alleged harms and any protected ground is entirely lacking, substantial evidence supports the Board's denial of asylum and withholding of removal. *See Rodriguez-Zuniga*, 69 F.4th at 1023 (recognizing that a lack of nexus "necessarily defeat[s]" both asylum and withholding claims).

Substantial evidence also supports the Board's conclusion that Guevara had not experienced past torture and failed to show that he was likely to face future torture with "the consent or acquiescence" of the Salvadoran government.

*Rodriguez-Zuniga*, 69 F.4th at 1023. The CAT claim was therefore properly denied.

To the extent that Guevara alleges that his required return to Mexico during his removal proceedings impaired his ability to present his case and amounted to a due process violation, the Board did not err in concluding that Guevara failed to show prejudice. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016).

The motion to stay removal (Dkt. No. 1) is denied.

**PETITION DENIED.**