**Norbert Artur RUSZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72081.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided Aug. 2, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See

Gary P. Burcham, San Diego, CA, for Petitioner.

Norbert Artur Rusz, Escondido, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michael P. Lindemann, Esq., Alison Marie Igoe, U.S. Department of Justice, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Petitioner Norbert Rusz is deportable because he was convicted of two morally turpitudinous crimes—second degree burglary (Cal.Penal Code § 459) and petty theft (Cal.Penal Code §§ 484 and 488). *See* 8 U.S.C. § 1227(a)(2)(A)(ii).[1] He asserts that he is entitled to asylum because in the 1970s and 1980s his father, an activist and distributor of propaganda for the Polish anti-Communist group KOR was arrested, beaten, and tormented by Communist officials. The IJ and BIA denied Rusz' petition for asylum finding that he had failed to establish past persecution or a well-founded fear of future persecution.

Additionally, Rusz requested that the BIA reopen his case for consideration under the Convention Against Torture, which was implemented by Congress while his case was on appeal to the BIA. The BIA denied Rusz' request to reopen. Rusz' timely petition for review followed.

### I. Standard of Review

"Where ... the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). Thus, we review the IJ's decision, including the supplemental reasoning of the BIA, as the BIA's decision.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We "review factual findings underlying the denial of an asylum application for 'substantial evidence.' The BIA's determination must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Li v. Ashcroft*, 356 F.3d 1153, 1157 (9th Cir.2004) (en banc) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

### II. Asylum

The Attorney General may grant asylum to an alien who qualifies as a refugee, that is, one who is unable or unwilling to return to her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). "An alien's 'well-founded fear of persecution' must be *both* subjectively genuine and objectively reasonable." *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (emphasis added).

To satisfy the objective component, an alien must show that he has suffered from past persecution or that he has a "good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Id.* at 1016.

### A. Past Persecution

■ "A finding of past persecution raises the presumption that an asylum-seeker has a well-founded fear of future persecution, rebuttable by a showing, by a preponderance of the evidence, that conditions have changed sufficiently so as to overcome that presumption." *Rios v. Ashcroft*,

---

1. We have addressed the Attorney General's claim that we lack jurisdiction over Rusz' petition for review in a concurrently-filed published opinion.

287 F.3d 895, 901 (9th Cir.2002). Rusz does not contend that he was personally subjected to persecution while in Poland. Instead, he argues that the past persecution of his father entitles him to the rebuttable presumption that his fear of future persecution is well-founded. Rusz' argument is foreclosed by INS regulations which grant the presumption of a well-founded fear of future persecution to *only* applicants who *personally* suffered past persecution. *See* 8 C.F.R. § 208.13(b)(1).

## B. Fear of Future Persecution

■ The IJ and BIA's conclusion that Rusz failed to present credible, direct, and specific evidence that would support an objectively reasonable fear of persecution is supported by substantial evidence. *See Nagoulko*, 333 F.3d at 1016.

First, Rusz returned to Poland for a visit of a month to month-and-a-half in 1996 or 1997 and experienced no problems with the authorities. Additionally, Rusz' father testified that he was unaware of any former KOR members having problems in Poland at the present time. It logically follows that Rusz—the son of a former KOR activist—would be unlikely to be persecuted by the current Polish government if no former KOR members are presently being persecuted themselves. Moreover, the 1995 and 1997 State Department reports submitted by the INS and relied on by the IJ establish that anti-Communists—much less, any Poles—are not likely to be killed, kidnapped, tortured, arbitrarily arrested, arbitrarily detained, or prohibited from assembling. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.").

## B. Convention Against Torture

■ While Rusz' case was on appeal to the BIA, Congress passed the Foreign Affairs Reform and Restructuring Act of 1998, implementing Article 3 of the Convention Against Torture (the "CAT"). FARRA § 2242, 8 U.S.C.A. § 1231, note. In his brief to the BIA, Rusz argued that remand was necessary for the IJ to consider his case under the CAT. The BIA denied Rusz' request, holding that Rusz failed to present any evidence that it would be more likely than not that he would be tortured by a public official or with the consent or acquiescence of a public official if returned to Poland.

Both parties agree that Rusz' request to the BIA for remand to consider his case under the CAT is the equivalent of a motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001).

> To qualify for relief, [Rusz] was required to demonstrate it is "more likely than not that [he] would be tortured if removed to [Poland]." The Convention's implementing regulations define torture as "any act by which severe pain or suffering ... is intentionally inflicted on a person" for certain purposes "when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."

*Cano–Merida v. INS*, 311 F.3d 960, 966 (9th Cir.2002) (quoting *Abassi v. INS*, 305 F.3d 1028, 1030 & n. 3 (9th Cir.2002)).

Rusz has failed to meet his burden. As discussed above, Rusz' visit of at least one month to Poland in 1996 or 1997, the testimony of his father about knowing of no former KOR members having problems in Poland, and the State Department reports establish that anti-Communists—much less, any Poles—are not likely to be killed, kidnapped, tortured, arbitrarily arrested,

arbitrarily detained, or prohibited from assembling.

**PETITION DENIED.**