**Ignacio Ebelio CASTRO–GONZALEZ,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 02–70231.

INS No. A70–663–495.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided March 26, 2003.

---

Before MESKILL,\* FERGUSON, and BERZON, Circuit Judges.

## MEMORANDUM\*\*

Appellant Ignacio Ebelio Castro–Gonzalez ("Castro–Gonzalez") seeks review of the Board of Immigration Appeals ("BIA")'s denial of a motion to reopen his deportation proceedings to apply for relief under the Convention Against Torture ("CAT"). The BIA denied Castro–Gonzalez's motion because it found that he failed to demonstrate prima facie eligibility for relief under the CAT. We **VACATE** the BIA's decision not to reopen Castro–Gonzalez's deportation proceedings and remand the case to the BIA for reconsideration in light of *Kamalthas v. INS*, 251 F.3d 1279 (9th Cir.2001).

The parties are familiar with the facts and the procedural history of the case. Therefore, we do not repeat them here.

The BIA's decision whether to reopen a case is reviewed for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Kamalthas*, 251 F.3d at 1281. However, any underlying issues of law are reviewed de novo. *Varela v. INS*, 204 F.3d 1237, 1239 (9th Cir.2000). "The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim." *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Castro–Gonzalez's motion to reopen is governed by 8 C.F.R. § 208.18, which provides that aliens whose removal orders became final before March 22, 1999 "may move to reopen proceedings for the sole purpose of seeking protection under § 208.16(c)."[1] Motions to reopen deportation proceedings before the BIA are discretionary. 8 C.F.R. § 3.2.[2]

In the instant case, the BIA determined that Castro–Gonzalez failed to make a prima facie showing of eligibility under the CAT. In doing so, it conflated the standard for granting asylum with that for granting relief under the CAT, and failed to take relevant evidence into consideration. *See Kamalthas*, 251 F.3d at 1283. Specifically, the BIA "failed to recognize the central distinction that claims for relief under the Convention are analytically separate from claims for asylum...." *Id.* In addition, the BIA "plainly overrelied on its prior adverse credibility finding" against Castro–Gonzalez and failed to "consider probative evidence in the record," in particular the Guatemala country report, in contravention of § 208.16(c)(3)(iii) and (iv).[3] *Id.*

---

\* The Honorable Thomas Meskill, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 8 C.F.R. § 208.16(c) provides the eligibility requirements for withholding of removal under the CAT.

2. 8 C.F.R. § 3.2(a) reads in relevant part:
    The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party

moving has made out a prima facie case for relief.
8 C.F.R. § 3.2(a) (1999).

3. 8 C.F.R. § 208.16(c)(3), entitled "Eligibility for withholding of removal under the Convention Against Torture[,]" reads in relevant part:
    In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture *shall* be considered, including, but not limited to:
    . . .
    (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and

at 1284. Under *Kamalthas*, these determinations constitute an abuse of discretion.

Because "the BIA cannot deny a motion to reopen without recognizing the proper standard for establishing a prima facie case and giving weight to relevant country conditions[,]" *id.*, we vacate the BIA's decision and remand the case to the BIA for an independent and thorough analysis of Castro–Gonzalez's motion under the CAT.

**VACATED AND REMANDED.**

(iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 208.16(c)(3) (2000) (emphasis added).

