Ignacio Ebelio **CASTRO–GONZALEZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–70579.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2005.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Decided Aug. 10, 2005.

Maria Janossy, Law Offices of Maria Janossy, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: MESKILL, FERGUSON, and BERZON, Circuit Judges.

MEMORANDUM **

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Petitioner Ignacio Ebelio Castro–Gonzalez ("Castro"), a Guatemalan native and citizen, appeals the Board of Immigration Appeal's ("BIA") denial of his motion to reopen deportation proceedings to apply for relief under the Convention Against Torture ("CAT" or "Convention"). We have jurisdiction to review the BIA's denial of Castro's motion to reopen under section 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105–277, Div. G, 112 Stat. 2681, 2681–761 (1998) (codified at 8 U.S.C. § 1231). For the following reasons, we find that the BIA abused its discretion and, in turn, vacate the BIA's order and remand for further proceedings.

The parties are familiar with the facts and the procedural history of the case. Thus, we do not repeat them here.

### I.

We review the BIA's denial of Castro's motion to reopen for an abuse of discretion. *Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001). Any underlying legal issues, including Castro's claim of a due process violation in deportation proceedings, are reviewed de novo. *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000). "The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim." *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir. 1999) (citation omitted).

The BIA denied Castro's motion to reopen because it found that he failed to establish a prima facie case under the CAT.[1] To establish a prima facie case under the CAT, Castro was required to "present[ ] 'affidavits *or* other evidentiary

material,' which, if true, would satisfy the requirements for substantive relief." *Hernandez–Ortiz v. INS*, 777 F.2d 509, 513 (9th Cir.1985) (quoting 8 C.F.R. § 103.5) (citation omitted). The requirements for substantive relief are satisfied when an applicant demonstrates that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

In assessing the likelihood of torture in the proposed country of removal, "the [BIA] may consider evidence including but not limited to: evidence of past torture inflicted upon the applicant; evidence of gross, flagrant or mass violations of human rights within the country of removal; and other relevant information regarding the country of removal." *Abassi v. INS*, 305 F.3d 1028, 1030 (9th Cir.2002) (citing 8 C.F.R. § 208.16(c)(3)).

### II.

■ We conclude that the BIA abused its discretion. First, the BIA wrongly denied Castro's motion solely on the basis of the transcript of David Wilkinson's testimony concerning human rights violations in Guatemala, which he presented to the U.S. Congressional Human Rights Caucus on behalf of Human Rights Watch in October 2003. Wilkinson's testimony was not the only evidence of recent country conditions that the BIA should have considered. In fact, the BIA should have considered the latest State Department Report on Human Rights Practices in Guatemala ("State Department Country Report"), which was easily available to the BIA and to which Castro generally referred in his supplemental brief.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Castro's motion to reopen is governed by 8 C.F.R. § 208.18(b)(2), which provides that an alien, such as Castro, who was ordered re-

moved, or whose removal order became final, before March 22, 1999, must file a motion to reopen before June 21, 1999, and demonstrate *prima facie* eligibility for withholding or deferral of removal.

This Court has found "that 8 C.F.R. § 208.16(c)(2), in placing 'the burden of proof ... on the applicant,' does not require an alien to attach a government report that is easily available to the BIA." *Abassi*, 305 F.3d at 1031. Here, the BIA presumably had at its disposal the 2002 State Department Country Report when it reconsidered Castro's motion to reopen. The report is easily accessible on the State Department's web site and is normally considered by IJs and the BIA when reviewing asylum claims as well as claims under the CAT.

In addition, despite the relevancy of the undated State Department Country Report that Castro submitted with his supplemental brief, Castro's incorporation of the report should have at least alerted the BIA that there was more evidence of recent country conditions to consider in properly adjudicating Castro's motion to reopen. Indeed, this is not a case where an applicant did not point to other evidence that the BIA should have considered in determining whether he qualified for substantive relief under the CAT. *See, e.g., Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003) (explaining how applicant "point[ed] to no other evidence that he could claim the BIA should have considered in making its determination under the Convention Against Torture"). Further, "[s]uch a source of information may well [have] be[en] an indication of gross, flagrant, or mass violations of human rights in [Guatemala]; however, the BIA never addressed this evidence." *Kamalthas*, 251 F.3d at 1283 (internal quotations and citation omitted); *see* 8 C.F.R. § 208.16(c)(3)(iii).

Second, the BIA abused its discretion by neglecting to explain whether Castro's testimony regarding past mistreatment at the hands of the military was sufficient to support his CAT claim. In our 2003 memorandum disposition, we stated that,

in denying Castro's motion to reopen deportations proceedings to apply for CAT relief, "the BIA 'plainly overrelied on its prior adverse credibility finding'" involving Castro's asylum claim. *Castro–Gonzalez v. INS*, 60 Fed.Appx. 705, 706 (9th Cir.2003). Because we do not know whether the BIA found Castro's testimony credible upon reconsideration, we cannot discard the possibility that, under the implementing regulations for the Convention, "[Castro's testimony], if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2); *see Kamalthas*, 251 F.3d at 1282.

Mindful of the fact that there is a high bar to obtaining relief under the Convention on the merits, we nonetheless find that the BIA abused its discretion in denying Castro's motion to reopen. In vacating the BIA's order and remanding for further proceedings, we instruct the BIA both "to state its reasons" for finding Castro's testimony sufficient or insufficient to support his allegations of torture and "to properly consider[ ]" the most recent State Department Country Report "when weighing the equities" of Castro's claims. *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir.1998) (citation omitted).

### III.

■ Castro also contends that the BIA violated his Fifth Amendment right to due process in deportation proceedings by not providing him with sufficient notice of the kind of "further submissions" that the BIA needed to properly consider his motion to reopen. "To prevail on a due process challenge to deportation proceedings, [an alien] must show error and substantial prejudice. A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prej-

udice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (citations omitted). Because there is no evidence that Castro did not have a reasonable opportunity to submit more evidence regarding recent country conditions and, thereby, could not have suffered any prejudice, his due process claim fails.

VACATED and REMANDED.

BERZON, Judge, dissenting.

As I read the BIA's decision, the BIA assumed that Castro–Gonzalez's testimony was credible, and so did not over-rely on the adverse credibility finding. Regarding the BIA's failure to consider the 2002 State Department report, I do not see any reference in Castro–Gonzalez's briefs to the Board to that report, so *Abassi v. INS*, 305 F.3d 1028 (9th Cir.2002), does not apply. Indeed, had the BIA based its decision upon reports neither discussed nor alluded to in the record, it would probably have violated due process. *See Getachew v. INS*, 25 F.3d 841, 846 (9th Cir. 1994). Accordingly, I respectfully dissent.