# United States Court of Appeals
## For the First Circuit

No. 02-1548

EDBIA MARITZA OLIVA-MURALLES,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Coffin, Senior Circuit Judge, and
Porfilio,[*] Senior Circuit Judge.

Stephen A. Lagana for appellant.

Robert D. McCallum, Jr., Assistant Attorney General, Terri J. Scadron, Assistant Director, Anthony W. Norwood, Attorney, Office of Immigration Litigation, for appellee.

May 6, 2003

---

[*] Of the Tenth Circuit, sitting by designation.

**LYNCH**, **Circuit Judge**.  Petitioner Edbia Oliva-Muralles ("Oliva-Muralles"), now 30 years of age, and her mother Maria Oliva-Muralles are Guatemalan citizens who entered the country illegally and were served with a deportation order to show cause on December 4, 1996.  Both women conceded deportability but asserted they were eligible for political asylum.  The Immigration Judge ("IJ"), in April 1998, rejected each of their claims for asylum, finding:

> Essentially, what I have before me is two decent women, both citizens of Guatemala who fear returning to their country because of the pervasive criminality which exists.  While their fear of returning is certainly reasonable it is not on account of one of the five statutory grounds [for asylum]. Accordingly, I find that they have failed to state a claim upon which relief may be granted.  I find neither past persecution nor a well-founded fear of persecution.

On April 10, 2002, the IJ's decision was upheld by the Board of Immigration Appeals ("BIA") and Edbia Oliva-Muralles was permitted to depart voluntarily.

Edbia Oliva-Muralles petitioned this court for review. This court has jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, Div. C, § 309(c)(4), 110 Stat. 3009-546, at 3009-626 (Sept. 30, 1996).  The Attorney General has been substituted for the INS as respondent with the implementation of the Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 471, 116 Stat.

2135, at 2192, 2205 (Nov. 25, 2002). See 8 U.S.C. § 1252(b)(3)(A) (2000).

Oliva-Muralles makes two arguments: 1) that the BIA erroneously concluded that she was not eligible for protection under the United Nations Convention Against Torture and Other, Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, G.A. Res. 39/46, Annex, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984), 23 I.L.M. 1027 (1984); and 2) that the BIA abused its discretion when it denied her appeal from the IJ's adverse ruling on her asylum claim.

## 1. The CAT Claim

The CAT claim may not be heard by this court because Oliva-Muralles has never presented such a claim to the agency. Issues usually must first be presented to the BIA. See Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999); Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992).

The confusion stems from the fact that Edbia Oliva-Muralles's mother, Maria, did file a motion with the BIA to remand proceedings in order to pursue a claim under Article 3 of the CAT. The BIA denied that motion because Maria had not offered evidence to establish a prima facie case for protection under the CAT, as she must do. See Abassi v. INS, 305 F.3d 1028, 1030 (9th Cir. 2002); 8 C.F.R. § 208.18(b)(2)(ii) (2002). The CAT's implementing regulations place the burden of proof on the alien to establish it

-3-

is more likely than not that she would be tortured if removed to the proposed country of removal. See 8 C.F.R. § 208.16(c)(2).

It is the BIA's denial of her mother's motion to remand which is appended to Oliva-Muralles's brief. Edbia Oliva-Muralles is not a minor and is not covered by her mother's motion. The respondent says Oliva-Muralles did not file her own such motion (there is none in the certified record), and the resulting silence from Oliva-Muralles's counsel is telling.

We dismiss the claim.

## 2. Denial of Asylum

The second argument challenges the denial of asylum. There is no claim that the IJ or the BIA committed an error of law, or disregarded material evidence or violated procedures; the only claim is that the wrong conclusion was drawn from the evidence. This court, then, can remand to the agency only where the evidence is so compelling that no reasonable fact-finder could fail to reach the contrary conclusion. INS v. Elias-Zacaria, 502 U.S. 478, 481 n.1 (1992); Albathani v. INS, 318 F.3d 365, 372 (1st Cir. 2003).

Oliva-Muralles's asylum application states that she fears her "life will be in grave danger for neither supporting the guerrillas nor the government." She said a family friend who had lived with them had been abducted by masked men and never been seen again. Oliva-Muralles feared for her life because of her family's

known association with him; she believes he was abducted because he did not openly support the rebels.

The IJ conducted a hearing on April 14, 1998 as to both Oliva-Muralles's and her mother's asylum applications. Oliva-Muralles testified that she was robbed of her paycheck when gangsters came into the supermarket where she worked. Her mother testified to two occasions when unknown men entered her house, demanded money, and assaulted her and her family. Both said they were afraid to return to Guatemala because of the high incidence of criminality and violence there; both conceded they were not politically active and that they were never arrested, detained, interrogated or persecuted by either the government or guerrillas.

Oliva-Muralles argues that all she had to show was that persecution is a "reasonable possibility." INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987). But on appeal to this court she must show that the evidence compels a conclusion in her favor on the point. That she has not done, based on our review of the record.

We affirm the BIA and dismiss the petition for review.