NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0200n.06
Filed: March 16, 2007

No. 05-4333

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MAHAMADOU COULIBALY, | ) | |
| | ) | |
| **Petitioner,** | ) | **ON PETITION** FOR REVIEW |
| | ) | OF A DECISION OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ALBERTO R. GONZALES, Attorney General | ) | |
| | ) | **MEMORANDUM** |
| **Respondent.** | ) | **OPINION** |

BEFORE: NORRIS, COLE, and CLAY, Circuit Judges.

**PER CURIAM.** Petitioner Mahamadou Coulibaly appeals from a decision of the Board of Immigration Appeals, which adopted the Immigration Judge's ruling denying Coulibaly's request for a continuance during his removal proceedings. Removal proceedings were instituted against Coulibaly in June 2002 after he overstayed his visa. 8 U.S.C. § 1227(a)(1)(C)(i). During the pendency of his case, Coulibaly was granted five continuances, in part, because he claimed he would be marrying a United States citizen. In May 2004, in his final hearing before the Immigration Judge, Coulibaly was still not married. Further, the woman that he was engaged to marry had not yet obtained a divorce from her current spouse. The Immigration Judge reasoned that Coulibaly's engagement was too speculative to warrant yet another continuance.

We review the Board of Immigration Appeals' decision for an abuse of discretion. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006). When the Board of Immigration Appeals adopts the reasoning of the Immigration Judge, we review the Immigration Judge's reasoning directly to determine whether the Immigration Judge's decision should have been upheld. *Gilaj v. Gonzales*, 408 F.3d 275, 282-83 (6th Cir. 2005). We conclude that the Board of Immigration Appeals acted within its discretion when it affirmed the reasoning of the Immigration Judge. *See Id.* at 634-35.

Petitioner also contends that, by denying a continuance, the Immigration Judge somehow compromised a potential claim for asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16. However, there is no evidence in the record that petitioner ever presented these claims to either the Immigration Judge or the Board of Immigration Appeals. If, as here, a petitioner fails to exhaust administrative remedies, a federal court is without jurisdiction to consider the petition for review. 8 U.S.C. § 1252(d)(1); *Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004).

Coulibaly's pending motions to supplement the authorities and to supplement the record are denied. The June 6, 2006 motion to supplement the record contained documents that were not before either the Immigration Judge nor the Board of Immigration Appeals and will not be considered by this court.

The decision of the Board of Immigration Appeals is **affirmed**.