NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  07a0376n.06
Filed:  June 5, 2007

No. 06-3881

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Gil Batres Portillo,

    Petitioner,

v.

Alberto R. Gonzales,

    Respondent.

ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION
APPEALS

Before: MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge*

**OPINION**

**GRAHAM, District Judge**.  This is an appeal from an order of
the Board of Immigration Appeals ("BIA" or the "Board") adopting
and affirming the decision of the Immigration Judge ("IJ") which
denied Petitioner's application for withholding of removal filed
pursuant to §241(b)(3) of the Immigration and Nationality Act
("INA"), 8 U.S.C. §1231(b)(3).[1]  Petitioner is a 33-year-old native
and citizen of El Salvador who entered the United States illegally
through Nogales, Arizona on July 20, 1996.  Petitioner contends
that he will be subject to persecution on account of political
opinion if he is forced to return to El Salvador.  For the reasons
set forth below, we **DENY** the petition for review.

---

[*]The Honorable James L. Graham, United States District Judge for the Southern
District of Ohio, sitting by designation.

[1]The IJ also denied Petitioner's application for asylum as it was untimely.
Petitioner does not contest this ruling on appeal.  In addition, Petitioner withdrew his
application for relief under the Convention Against Torture in the proceedings before the
IJ.

## I. STANDARD OF REVIEW

This court's jurisdiction to review a removal order by the Board is pursuant to Section 242 of the INA, which confers jurisdiction on the Courts of Appeals to review final orders of removal. See 8 U.S.C. §1252; Singh v. Aschcroft, 398 F.3d 396, 400 (6th Cir. 2005). We will reverse the Board's determination against withholding of removal only if it is "'manifestly contrary to law.'" Almuhtaseb v. Gonzales, 453 F.3d 743, 749 (6th Cir. 2006) (quoting 8 U.S.C. §1252(b)(4)(C)). To reverse the Board's determination, this court must find that the evidence "'not only supports a contrary conclusion, but indeed compels it.'" Ouda v. INS, 324 F.3d 445, 451 (6th Cir. 2003) (quoting Klawitter v. INS, 970 F.2d 149, 151-52 (6th Cir. 1992)). Stated differently, we will only reverse where the evidence is "so compelling that no reasonable factfinder could fail to find the requisite persecution or fear of persecution." Ouda, 324 F.3d at 451. We defer to the administrative findings of fact except when any reasonable adjudicator would be compelled to conclude to the contrary. Almuhtaseb, 453 F.3d at 749. Where, as here, the Board adopts the IJ's reasoning, we review the IJ's decision directly to determine whether the Board's decision should be upheld. Denko v. INS, 351 F.3d 717, 723 (6th Cir. 2003).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Commencement of Removal

Removal proceedings began against Petitioner on December 30, 2003, when the former Immigration and Naturalization Service filed

2

a Notice to Appear with the Immigration Court and charged that Petitioner was subject to removal pursuant to INA §212(a)(6)(A)(I), 8 U.S.C. §1182(a). On September 21, 2004, Petitioner filed an Application for Asylum and for Withholding of Removal ("Application"). Petitioner represented in his Application that he was seeking withholding of removal solely on the basis of his membership in a particular social group. (Administrative Record ("A.R.") 131.) He did not indicate that he was seeking withholding of removal on the basis of political opinion. (Id.) As the justification for his application for such relief, Petitioner stated that he had been kidnapped by and forced to join the FMLN Communist guerrillas when he was 16 years old. He asserted that if he is returned to his home country, he fears that he will be mistreated by Mara Salvatrucha ("M/S") gang members because he refused to join them. As additional support for his Application, Petitioner attached a Declaration in which he further articulated his fear of the M/S gang members and his "terrible memories from the civil war." (A.R. 136-37.)

## B.  Merits Hearing Before the IJ

On March 25, 2005, the IJ conducted the final hearing on the merits. At this hearing, Petitioner testified that during the Salvadoran civil war, he was kidnapped from his home in the town of Masahuat and forced to serve in a Communist guerrilla army. Petitioner alleged that he was taught how to use weapons and how to fight in battles. He said that he was regularly kicked and beaten with rifle butts. Petitioner stated that he and the other

3

conscripts were told that they should fight because it was a "good thing to do," and that they should be able "to die while [they] were fighting." (A.R. 72.) According to Petitioner, if he did not listen to the guerrillas, they would beat him. Petitioner further believed that the guerrillas would kill him if he fled. Nevertheless, after approximately three months with the guerrilla army, Petitioner fled and lived with a family in a town within El Salvador called Nahualpa for one year. He then moved to a different town in El Salvador, Pie de la Cuesta, where he safely remained in the country from 1988 until 1996, when he entered the United States illegally. According to Petitioner's testimony before the IJ, he fled El Salvador because he believed that after the end of the civil war, the guerrillas had become gang members and criminals who would continue to threaten his life.

After consideration of Petitioner's testimony, the IJ found that although Petitioner was credible, he had not demonstrated eligibility for withholding. Petitioner was ineligible for withholding because he failed to demonstrate that his past detention by the guerrilla army was on account of one of the five protected grounds which would entitle him to such relief. Specifically, the IJ concluded that Petitioner's past detention by the guerrillas was not on account of political opinion or Petitioner's membership in a particular social group.

The IJ further determined that Petitioner failed to demonstrate any future probability of persecution that exists for him countrywide in El Salvador. He opined: "The Court is taking

4

nothing away from [Petitioner's] experience, yet, the clear evidence . . . shows that the civil war is over, and that the guerrillas are not targeting either former guerrillas who escaped or former combatants against the guerrillas." (A.R. 32.) Additionally, to the extent Petitioner feared gang members in El Salvador, the Immigration Judge noted that fear of rampant crime in an alien's home country is not one of the five statutory grounds which would entitle Petitioner to withholding of removal. Finally, the judge concluded that Petitioner was eligible for voluntary departure.

## C. Petitioner's Appeals to the BIA and This Court

Petitioner filed a notice of appeal to the Board. On May 31, 2006, in a one-page order, the Board adopted and affirmed the decision of the IJ and dismissed the appeal. Petitioner timely filed a petition for review by this court. Petitioner contends that his "forced conscription into the Salvadoran guerrilla army, with beatings, exposure to combat, and threats of assassination of those who flee the guerrillas," constitutes persecution on account of political opinion and that, consequently, he is eligible for withholding of removal, despite the Supreme Court's holding in INS v. Elias-Zacarias, 502 U.S. 478 (1992).

Petitioner's primary argument in this appeal is that he was persecuted on account of imputed political opinion, that is, that he was persecuted by the guerrillas either because they perceived him to be sympathetic to their cause or because he could be forced to adopt their position. In response, the Government asserts,

5

first, that this court should not consider Petitioner's imputed political opinion argument because he failed to exhaust his administrative remedies with respect to this claim. Second, the Government contends that because the imputed political opinion argument is the primary claim raised in Petitioner's brief before this court, Petitioner has abandoned or waived any challenge to the IJ's conclusion that he did not face a clear probability of future persecution. Finally, the Government argues, in the alternative, that even if this court reviews this case on its merits, Petitioner has failed to establish that the record compels reversal of the final removal order.

### III.  ANALYSIS

**A.  Withholding of Removal Statutory Framework and Burden of Proof**

Petitioner seeks this court's review of the Board's denial of his request for withholding of removal under INA §241(b)(3), 8 U.S.C. §1231(b)(3). Withholding of removal is required if the alien can demonstrate that "'his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Liti v. Gonzales, 411 F.3d 631, 640 (6th Cir. 2005) (quoting 8 C.F.R. §1208.16(b)). To qualify for withholding of removal, Petitioner must demonstrate that there is a "'clear probability that he will be subject to persecution if forced to return to the country of removal.'" Singh, 398 F.3d at 401 (quoting Pilica v. Ashcroft, 388 F.3d 941, 951 (6th Cir. 2004)). To establish a clear probability, Petitioner must demonstrate that

6

it is more likely than not that he will be persecuted upon return. Liti, 411 F.3d at 641. A petitioner who demonstrates that he has suffered past persecution on account of a protected ground is entitled to a rebuttable presumption that he faces future persecution. Almuhtaseb, 453 F.3d at 750.

## B. Petitioner's claim of persecution on account of political opinion was sufficiently exhausted.

Before a federal court may assert jurisdiction over an appeal from a removal order, the alien must have exhausted all his administrative remedies. 8 U.S.C. 1252(d)(1). This circuit has interpreted the exhaustion requirement to mean that the petitioner must "first argue the claim before the IJ or the BIA before an appeal may be taken." Csekinek v. INS, 391 F.3d 819, 822 (6th Cir. 2004); Coulibaly v. Gonzales, No. 05-4333, 2007 U.S. App. LEXIS 6628, at *3 (6th Cir. Mar. 16, 2007)(declining jurisdiction where there was "no evidence in the record that petitioner ever presented these claims to either the Immigration Judge or the Board of Immigration Appeals"). The purpose of the exhaustion requirement of §1252(d)(1) is: 1) "to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims; 2) to avoid premature interference with the agency's processes; and 3) to allow the BIA to compile a record which is adequate for judicial review." Ramani v. Ashcroft, 378 F.3d 554, 559 (6th Cir. 2004) (internal quotations omitted). We conclude that these purposes are satisfied here and that Petitioner

7

sufficiently exhausted his administrative remedies with regard to this claim because: 1) the IJ ruled on the issue of persecution on account of political opinion; 2) Petitioner's claims of persecution on account of membership in a particular social group and political opinion are premised upon the same facts and evidence that were presented to both the IJ and the Board; and 3) the precise issue of imputed political opinion was raised in Petitioner's brief before the Board.

Although Petitioner did not raise the argument of persecution on account of political opinion before the IJ, based upon Petitioner's testimony, we think it is fair to say that the IJ nevertheless recognized or anticipated the potential for such an argument and decided to rule upon it. Relying upon the Supreme Court's holding in Elias-Zacarias, the IJ correctly noted that it is well settled that a person recruited into the ranks of rebels does not in and of itself constitute persecution on account of political opinion. See Elias-Zacarias, 502 U.S. at 482-83. The IJ thus determined that because Petitioner had not articulated any political opinion that would establish that his recruitment was for anything other than to swell the ranks of the guerrilla army, he had not met his burden of proving persecution on account of political opinion.

In his brief to the Board, Petitioner challenged the IJ's conclusion that he had failed to demonstrate persecution on account of either his membership in a particular social group or his imputed political opinion. Petitioner stated:

8

> [Petitioner] believes that he did suffer past persecution – surely being a child victim of kidnapping, being forced to live in the hills with guerrillas, exposed to combat and other dangers qualifies as persecution – on account of <u>either his membership in a particular social group or his imputed political opinion</u>.

(A.R. 6) (emphasis added.)  Petitioner set forth the same facts about his experience with the guerrilla army which were presented to the IJ, but argued specifically in support of a finding of persecution on both grounds.  Petitioner stated:

> They grabbed him, as opposed to other citizens of El Salvador, because he was a healthy young man who was within easy reach – he lived in Masahuat, one of the most conflicted areas of the country, so he was close at hand. . . . Thus [Petitioner] was persecuted not necessarily because of his political opinion, but because he was a member of a particular social group: young men living in hotly contested war zones who are easy to kidnap.
>
> * * *
>
> Moreover, if we could turn the clock back and interview the FMLN guerrillas, they would surely be certain that since [he] was a Salvadoran peasant, then he must support them politically – or if he didn't, he should.  They didn't kidnap young men who they thought would turn out to be their enemies.

(A.R. 6.)  Petitioner specifically challenged the IJ's reliance upon <u>Elias-Zacarias</u> to determine that he had not demonstrated persecution on account of political opinion.  Thus, we conclude that Petitioner sufficiently exhausted his claim of persecution on account of political opinion for us to exercise jurisdiction over his petition.

**C.  Petitioner has proffered no evidence which would compel reversal of the Immigration Judge's determination that he failed to prove persecution on account of political opinion – imputed or actual.**

**1.  Petitioner failed to prove past persecution on account of**

9

**political opinion.**

In the proceedings before the IJ, Petitioner testified at length about his experiences with the guerrilla army in El Salvador. Petitioner stated that he had been kidnapped by the guerrilla army and had been taught how to use various weapons to fight. Petitioner testified that he was taken into custody so that he could learn how to fight on behalf of the guerrillas in furtherance of their goal of increasing the area that they controlled. On consideration of Petitioner's testimony regarding this detention by the guerrillas, the IJ stated in his order that Petitioner "[had] articulated no political opinions." (A.R. 28.) Even on Petitioner's appeal to the Board, he offered nothing but his conjecture as to the possible motive of the guerrillas in kidnapping Petitioner. Petitioner stated in his brief: "[I]f we could turn the clock back and interview the FMLN guerrillas, they would surely be certain that since [Petitioner] was a Salvadoran peasant, then he must support them politically – or if he didn't, he should." (A.R. 6.) This conjecture, without more, is insufficient to prove the guerrillas' motive. Indeed, the Supreme Court in Elias-Zacarias stated that because the statute makes motive critical, a petitioner "must provide some evidence of it, direct or circumstantial. And if he seeks to obtain judicial reversal of the BIA's determination, he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84. This, Petitioner has failed to do.

10

In his brief before this court, Petitioner attempts to distinguish his case from Elias-Zacarias; however, his attempts are unavailing. Petitioner argues that his treatment by the Salvadoran guerrilla army was more severe than that accorded to Elias-Zacarias by the Guatemalan guerrillas. Yet, Petitioner misses the point of the Supreme Court's holding in Elias-Zacarias, which did not turn on the degree of the persecution, but the motive for the persecution. Like the petitioner in Elias-Zacarias, Petitioner here failed to articulate, before either the IJ or the Board, any political opinion that would establish that his recruitment was for anything other than to swell the ranks of the guerrilla army. Petitioner similarly failed to demonstrate with sufficient evidence that the guerrilla army imputed any political opinion to him that served as the motive for his kidnapping and detention. Therefore, we find that the evidence presented in this case does not compel a conclusion contrary to that of the IJ.

> 2. **Because Petitioner failed to prove past persecution on account of political opinion, or any other protected ground,[2] he is not entitled to a presumption of future persecution on the same basis.**

In his brief before this court, Petitioner argues that because he has suffered past persecution, he is presumed to be at risk of future persecution, and is therefore eligible for withholding of removal. When an applicant for withholding is determined to have

---

[2]Petitioner does not challenge before this court the IJ's conclusion that he did not suffer persecution on account of his membership in a particular social group. This court has held that "it is proper for an appellate court to consider waived all issues not raised in an appellant's briefs." Ramani, 378 F.3d at 558 (citing Farm Labor Organizing Comm. v. Ohio State Highway Patrol, 308 F.3d 523, 528 n.1, 544 n.8 (6th Cir. 2002)). Petitioner's failure to address the IJ's determination with regard to persecution on account of membership in a social group constitutes waiver.

11

suffered past persecution in the proposed country of removal, on account of a protected ground, it is presumed that the applicant's life or freedom would be threatened in the future in the country of removal. See Almuhtaseb, 453 F.3d at 750 (citing 8 C.F.R. §208.16(b)(1)(I)).[3] This presumption may be rebutted if the IJ finds by a preponderance of the evidence that: 1) there has been a fundamental change in the circumstances such that the applicant's life or freedom would not be threatened on account of one of the statutorily protected grounds; or 2) the applicant could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so. 8 C.F.R. §1208.16(b)(1). Because the IJ correctly found that Petitioner failed to prove past persecution on account of a statutorily protected ground, Petitioner is not entitled to the benefit of this presumption.

We also note that after determining that Petitioner's past detention was not on account of one of the five protected grounds, the IJ also found that: 1) the Salvadoran civil war has ended and the guerrillas are not targeting former guerrillas who escaped or former combatants against the guerrillas and 2) Petitioner could avoid a future threat by living in some other part of El Salvador, as he safely did for at least eight years prior to coming to the United States. Thus, any presumption to which Petitioner might otherwise have been entitled had he proven persecution on account of a protected ground, nevertheless would have been rebutted by the clear evidence before the IJ.

---

[3]Although the Almuhtaseb court applied 8 C.F.R. §208.16, the relevant regulation in this case is 8 C.F.R. §1208.16, which applies to proceedings before the Board. See Huang v. INS, 436 F.3d 89, 90, n.1 (2d Cir. 2006). However, the language of these regulations is identical, and cases construing §208.16(b)(1) are thus instructive in the instant case.

12

**D. The evidence does not compel reversal of the Immigration Judge's determination that Petitioner failed to prove a clear probability of future persecution in El Salvador.**

The Government contends that Petitioner has waived any challenges to the IJ's conclusion that he did not face a clear probability of future persecution. Yet, Petitioner does challenge this determination by attempting to rely upon the presumption of future persecution. As discussed, supra, however, Petitioner's reliance on this presumption is unavailing.

The record is devoid of any evidence other than Petitioner's conclusory testimony to support the contention that the guerrillas have become gang members who will harm him because he fled. In fact, there is evidence to the contrary. The IJ relied upon findings from a State Department Report, the validity of which Petitioner does not challenge here, in determining that "there is no evidence that the guerrillas, who are now disbanded and part of the political process in El Salvador, are targeting escapees from their ranks or people who fought against them." (A.R. 29.) We agree with the IJ that Petitioner's claim that he will be harmed by the gang members is severely undermined by Petitioner's own testimony that he safely remained in the country for several years after he fled. The IJ also opined that to the extent Petitioner fears gangs, criminal activity is not a basis for withholding of removal. (A.R. 33) (citing Olivia-Muralles v. Ashcroft, 328 F.3d 25 (1st Cir. 2003)); see also Konan v. AG of the United States, 432 F.3d 497, 506 (3d Cir. 2005) (stating that "general conditions of civil unrest or chronic violence and lawlessness do not support

13

asylum"). The record supports the Board's conclusion that Petitioner failed to meet his burden of proof that he will be subject to persecution if he is returned to El Salvador.

## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the Board's decision and **DENY** Petitioner's request for review.