Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1908

MIGUEL ALFREDO BARZOLA BECERRA, ET AL.,

Petitioners,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[*]

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before
Boudin, Circuit Judge,
Farris[**] and Howard, Circuit Judges.

Ilana Etkin Greenstein, Harvey Kaplan, Jeremiah Friedman, Maureen O'Sullivan, Jeanette Kain and Kaplan, O'Sullivan & Friedman, LLP on brief for petitioners.
Ana T. Zablah-Monroe, Office of Immigration Litigation, Civil Division, Department of Justice, Gregory G. Katsas, Assistant Attorney General, Civil Division, and David V. Bernal, Assistant Director, Office of Immigration Litigation, on brief for respondent.

April 23, 2009

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as respondent.

[**]Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  Petitioners Miguel Alfredo Barzola Becerra ("Barzola"), his wife and their two children are natives and citizens of Peru.  They applied for asylum, withholding of removal and relief under the Convention Against Torture.  An immigration judge ("IJ") denied the requests, and an appeal was denied by the Board of Immigration Appeals ("BIA").  Petitioners alleged that they had been and would be subject to persecution and torture in Peru by the Shining Path--a guerrilla group designated by the State Department as a terrorist organization--which had issued threats against Barzola and his family.

To qualify for protection under the Immigration and Nationality Act, an asylum seeker must show that he cannot return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006).  As used in the statute, "persecution 'always implies some connection to government action or inaction'" Nikijuluw v. Gonzales, 427 F.3d 115, 120-21 (1st Cir. 2005) (quoting Harutyunyan v. Gonzales, 421 F.3d 64, 68 (1st Cir. 2005)), so asylum may be granted only when the applicant "suffers persecution that is the direct result of government action, government-supported action, or government's unwillingness or inability to control private conduct." Nikijuluw, 427 F.3d at 121.

Here, the IJ and BIA found that while the incidents in question were frightening, there was no evidence that the government was or is unable or unwilling to provide protection for those who, like the Barzola family, face threats from the Shining Path; nor was any government involvement in the threats alleged. There is no suggestion here that the IJ and BIA determinations were not supported by substantial evidence, see Olivia-Muralles v. Ashcroft, 328 F.3d 25, 27 (1st Cir. 2003), and accordingly the decisions below must be sustained.

The petition for review is denied.